1  Michael Meuter, State Bar No. 161554
   CALIFORNIA RURAL LEGAL ASSISTANCE, Inc.
2  3 Williams Road
   Salinas, CA 93905
3  Telephone: (831) 757-5221
   Facsimile: (831) 757-6212
4
   Lisa Duarte, State Bar No. 169750
5  MINAMI, LEW & TAMAKI LLP
   360 Post Street, 8th Floor
6  San Francisco, CA 94108-4903
   Telephone: (415) 788-9000
7  Facsimile: (415) 398-3887

8  Attorneys for Plaintiffs/Intervenors
   ANA LILIA MONTES, AURORA VASQUEZ,
9  MICAELA GARCIA, EDELFA MADRIGAL

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12 EQUAL EMPLOYMENT OPPORTUNITY        )  CASE NO. C01-21105 RMW
   COMMISSION,                          )
13                                      )  COMPLAINT FOR DAMAGES
              Plaintiff,                )  DEMAND FOR JURY TRIAL
14                                      )
   ANA LILIA MONTES, AURORA VASQUEZ,   )  1. Unlawful Sex Discrimination (42 U.S.C.
15 MICAELA GARCIA, EDELFA MADRIGAL,    )     § 2000e)
   as individuals and  acting for the interests of the  )  2. Hostile Environment Sexual Harassment
16 general public,                     )     (Title VII, 42 U.S.C. §2000e-2(a)(1)
                                        )  3. Unlawful Retaliation (42 U.S.C. §
17            Plaintiffs/Intervenors,   )     2000e-3(a))
                                        )  4. Unlawful Sex Discrimination (Cal. Gov
18 v.                                   )     Code § 12940(a))
                                        )  5. Retaliation for Opposing Discrimination
19 COASTAL VALLEY MANAGEMENT, Inc.     )     and Harassment (Cal. Gov. Code §
   RON GALLEGOS, EDUBIGEN RESENDEZ,    )     12940(h)
20 LUPE VELASCO,                        )  6. Aiding and Abetting Sexual Harassment,
                                        )     Sex Discrimination, and Retaliation
21            Defendants.               )     (Cal. Gov. Code § 12940(i))
                                        )  7. Hostile Environment Sexual Harassment
22                                      )     (Cal. Gov. Code § 12940(j)(1))
                                        )  8. Failure to Prevent Discrimination and
23                                      )     Harassment (Cal. Gov. Code §
                                        )     12940 (k))
24 _____ )  9. Unfair Business Practices (Cal. Bus. &
                                            Prof. Code § 17200)
25

26 ///

27
   *EEOC v. Coastal Valley*
28 C01-21105 RMW
   COMPLAINT FOR DAMAGES AND
   DEMAND FOR JURY TRIAL

**PARTIES**

1.     Plaintiffs ANA LILIA MONTES (hereinafter  MONTES ), AURORA VASQUEZ (hereinafter  VASQUEZ ), MICAELA GARCIA (hereinafter  GARCIA ), and EDELFA MADRIGAL (hereinafter  MADRIGAL ) are, and at all times mentioned herein, were, residents of the State of California, County of Monterey.  Plaintiffs MONTES, VASQUEZ, GARCIA, and MADRIGAL were, at all times material hereto members of a protected group under California Government Code Section 12940(a) based on their sex (females), and Title VII of the Civil Rights Act of 1964 (Title VII)as amended, 42 U.S.C. §2000e-5 (f) (1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981(a).

2.     Plaintiffs MONTES, VASQUEZ, GARCIA, and MADRIGAL are informed and believe that defendant COASTAL VALLEY MANAGEMENT, INC. (hereinafter  COASTAL VALLEY ) is a corporation, and was at all relevant times, a corporation organized and existing under the laws of the State of California, doing business in the city of King City, California in the County of Monterey.

3.     RON GALLEGOS (hereinafter  GALLEGOS ), employee of COASTAL VALLEY and Human Resource Manager at COASTAL VALLEY from approximately 1996 to 1999, was plaintiffs  supervisor during those years.

4.     EDUBIGEN RESENDEZ (hereinafter  RESENDEZ ), employee of COASTAL VALLEY and supervisor at COASTAL VALLEY was and continues to be plaintiff GARCIA s supervisor.

5.     LUPE VELASCO (hereinafter  VELASCO ), employee of COASTAL VALLEY and supervisor at COASTAL VALLEY from approximately 1992 to the present, was plaintiff MADRIGAL s supervisor.

6.     Plaintiffs are informed and believe, and thereon allege, that Defendant COASTAL VALLEY is, and at all times relevant hereto was, an employer subject to suit under California s Fair Employment and Housing Act ( FEHA ), in that Defendant COASTAL VALLEY is, and

*EEOC v. Coastal Valley*
C01-21105 RMW
COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL                    2

1  was, an employer who regularly employs five or more persons.  Cal. Gov. Code §§ 12926(d),

2  12940.

3       7.    Plaintiffs are informed and believe, and thereon allege, that Defendant COASTAL

4  VALLEY is, and at all times relevant hereto was, an employer subject to suit under Title VII, in

5  that Defendant COASTAL VALLEY is and was an employer who has regularly employed fifteen

6  or more persons for each working day in each of twenty or more calendar weeks in the current

7  and preceding calendar years.  42 U.S.C. § 2000e(b).

8       8.    Defendants RON GALLEGOS, EDUBIGEN RESENDEZ, and LUPE VELASCO

9  were, at all times relevant hereto, supervisors of Plaintiffs as defined under Cal. Gov. Code §

10  12926(r) and were employers of Plaintiffs as defined under Cal. Gov. Code § 12926(d).  The acts

11  of the individually named Defendants, which were continuing in nature, were therefore acts

12  performed on behalf of COASTAL VALLEY, as well as acts performed by these individual

13  Defendants.  Defendant RON GALLEGOS is sued in his official capacity as Human Resources

14  Manager and in his individual capacity.  Defendant EDUBIGEN RESENDEZ is sued in his

15  official capacity as a supervisor and in his individual capacity.  Defendant LUPE VELASCO is

16  sued in his official capacity as foreman/supervisor and in his individual capacity.

17       9.    Plaintiffs are informed and believe, and thereon allege, that each Defendant is, and

18  at all times relevant hereto was, the agent, servant, and/or employee of each of the other

19  Defendants, and that each Defendant, agent, servant and/or employee was acting, at all times

20  relevant hereto, within the course and scope of his or her agency and/or employment.  Plaintiffs

21  are informed and believe, and thereon allege, upon performing every wrongful act, or upon each

22  wrongful omission complained of herein, that each Defendant, was acting or failing to act, with

23  the knowledge, as well as the approval, express or implied, of each of the other Defendants, and

24  that each Defendant has ratified and approved the acts and omissions of the other Defendants.

25                    **JURISDICTION AND VENUE**

26       10.   The jurisdiction of this Court is based upon section 703(a)(1) Title VII of the Civil

27

28  *EEOC v. Coastal Valley*
   C01-21105 RMW
   COMPLAINT FOR DAMAGES AND
   DEMAND FOR JURY TRIAL                3

1   Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1).  Jurisdiction of this Court is also

2   invoked pursuant to 28 U.S.C. §§ 1331, 1337, 1343 and 1346 and the Court s pendant

3   jurisdiction over state law claims.  Injunctive and declaratory relief, damages and other

4   appropriate legal and equitable relief are sought pursuant to 42 U.S.C. § 2000e (f) and (g) as

5   amended, and state law.  The unlawful employment practices of which plaintiffs complain

6   occurred within the Northern District of California and defendant COASTAL VALLEY has

7   business operations where plaintiffs worked at all relevant times alleged herein in the Northern

8   District of California.  Venue is therefore proper in this District pursuant to 42 U.S.C. § 2000e-

9   5(f)(3).  Venue is also proper in this District pursuant to 18 U.S.C. §§ 1965(a) and 1965(b), and

10  28 U.S.C. § 1391(e).

11  <u>**INTRA-DISTRICT ASSIGNMENT**</u>

12          11.     Since all of the acts which gave rise to this complaint occurred in Monterey

13  County, assignment to the San Jose Division pursuant to Civil L.R. 3-2(c) would be appropriate.

14  <u>**EXHAUSTION OF ADMINISTRATIVE REMEDIES**</u>

15          12.     On or around October 25, 1998, Plaintiff MADRIGAL filed charges of

16  discrimination with the EEOC.  On or around November 6, 1998, Plaintiff VASQUEZ filed

17  charges of discrimination with the EEOC.  On or around August 11, 1999, Plaintiff MONTES

18  filed charges of discrimination with the EEOC.  On or around August 3, 2000, Plaintiff GARCIA

19  filed charges of discrimination with the EEOC.  These charges were simultaneously filed with the

20  California Department of Fair Employment and Housing (hereinafter  DFEH ) pursuant to the

21  terms of a work sharing agreement between the two agencies.

22          13.      On or around October 25, 1999 notice of Plaintiff MADRIGAL s right to file a

23  private civil suit was issued by the DFEH.  On or around August 24, 2000 notice of Plaintiff

24  GARCIA s right to file a private civil suit was issued by the DFEH.  On or around November 6,

25  1999 notice of Plaintiff VASQUEZ s right to file a private civil suit was issued by the DFEH.  On

26  or around August 11, 1999 notice of Plaintiff MONTES s right to file a private civil suit was

27
28  *EEOC v. Coastal Valley*
    C01-21105 RMW
    COMPLAINT FOR DAMAGES AND
    DEMAND FOR JURY TRIAL                    4

1   issued by the DFEH.  The DFEH issued the right to sue letters after having deferred its

2   investigations of plaintiffs  discrimination charges to the EEOC pursuant to the terms of a work

3   sharing agreement between the two agencies.  The one-year period following the issuance of these

4   notices within which to file an action for violation of the FEHA was equitably tolled during the

5   pendency of the EEOC investigation.

6       14.     On or about November 21, 2001, the EEOC concluded investigation of the case

7   and thereafter filed suit in the instant matter.

8       15.     Plaintiffs MONTES, VASQUEZ, GARCIA, and MADRIGAL have timely filed

9   this action.  Therefore, they have complied with all administrative prerequisites to be able to bring

10  this lawsuit.

11                                      **FACTS**

12                   Factual Allegations Pertaining to Aurora Vasquez

13      16.     AURORA VASQUEZ began working at COASTAL VALLEY in about

14  September 1979.  VASQUEZ began working as general laborer and currently holds the position

15  of Assistant Foreman.

16      17.     In or before 1996, RON GALLEGOS was hired by COASTAL VALLEY to be

17  their Human Resources Manager.  He held this position until he left COASTAL VALLEY in

18  1999.

19      18.     Following the assignment of GALLEGOS to a position of authority he

20  immediately commenced a continual course of conduct, wherein he sexually harassed VASQUEZ.

21   While VASQUEZ worked for the Defendants, she was subject to sexual harassment which was

22  severe and pervasive enough to alter her working conditions and create a hostile work

23  environment.  VASQUEZ was repeatedly forced to endure offensive language, and intimidating

24  and unwelcome romantic and/or sexual overtures.

25      19.     The sexual harassment by GALLEGOS was repeated and was designed to compel

26  VASQUEZ to submit to his sexual advances, thereby rendering VASQUEZ s submission to his

27

28  *EEOC v. Coastal Valley*
    C01-21105 RMW
    COMPLAINT FOR DAMAGES AND
    DEMAND FOR JURY TRIAL                            5

sexual advances a term or condition of her employment.

20.     VASQUEZ was directly told by GALLEGOS that she would be fired if she did not sign a paper stating that she had received a final written warning, after she had complained that he had harassed her.

21.     When VASQUEZ rejected the sexual advances of GALLEGOS, she was subjected to retaliation in the form of further unwanted sexual advances, as well as being refused work assignments, and being disciplined, including receiving a final written warning, which she signed under pressure. VASQUEZ S husband, also an employee of COASTAL VALLEY, was also subjected to retaliation by defendants due to VASQUEZ S complaints of sexual harassment and her refusal to submit to GALLEGOS S sexual overtures.

22.     The sexual harassment by GALLEGOS of VASQUEZ substantially affected her employment.  Defendants, their agents, servants and/or employees, through their sexual harassment and their failure to eradicate it, intended to, and did, cause VASQUEZ severe psychological and emotional damage.  Through their acts and omissions, some of which constituted sexual harassment, abuse, discrimination, and retaliation toward Plaintiffs, Defendants, their agents, servants and/or employees, have caused VASQUEZ to suffer extreme anxiety, severe depression, and other emotional distress.  Defendants  conduct has adversely affected VASQUEZ s ability to work, and her sense of well-being.  The abuse of VASQUEZ by Defendants, their agents, servants and/or employees, and Defendants  failure to stop such abuse, rendered her work environment so intolerable that any reasonable person would find such treatment offensive.

23.     Following the commencement by GALLEGOS of the numerous acts of sexual harassment, VASQUEZ made numerous complaints to Defendants.

24.     Despite the complaints made by VASQUEZ to the Defendants, COASTAL VALLEY effectively failed and refused to terminate the course of repetitively offensive conduct of GALLEGOS which constituted sexual harassment of VASQUEZ.  Despite GALLEGOS

1  terminating his own employment, Defendants otherwise took no action to address, correct, or

2  prevent these adverse working conditions of sexual harassment, retaliation, and discrimination,

3  thereby condoning such illegal acts and transforming the acceptance of GALLEGOS  sexual

4  advances into a condition of Plaintiff s continued employment.

5       25.    The repetitively offensive conduct of GALLEGOS, constituting sexual harassment,

6  abuse, discrimination, and retaliation was further actively fostered, participated in, ratified and/or

7  condoned by  COASTAL VALLEY, in that GALLEGOS sexually harassed other female

8  employees of COASTAL VALLEY and did compel their submission to sexual intimacies and

9  activities.  Such other acts of sexual harassment by GALLEGOS were in fact known to

10  COASTAL VALLEY, its agents, servants and/or employees.  COASTAL VALLEY, as

11  employer, effectively failed and refused to terminate GALLEGOS, thereby rendering it a policy of

12  the COASTAL VALLEY that its female employees submit to sexual harassment as a condition of

13  their employment.

14       26.    Defendants, their agents, servants and/or employees committed the acts against

15  VASQUEZ alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention

16  of injuring VASQUEZ and in conscious disregard of, and with reckless indifference to, her rights.

17  **Factual Allegations Pertaining to ANA LILIA MONTES**

18       27.    ANA LILIA MONTES (hereinafter  MONTES ) was hired by COASTAL

19  VALLEY on or around October 2, 1991 as a general laborer, where she worked until 1996 when

20  she was promoted to her current position of Assistant Foreman.

21       28.    Following the assignment of GALLEGOS to the position of Human Resources

22  Manager in around 1996, a position of authority over MONTES, he commenced an immediate

23  and continual course of repetitively offensive conduct, wherein he sexually harassed MONTES.

24  While MONTES worked for the Defendants, she was subject to sexual harassment which was

25  severe and pervasive enough to alter her working conditions and create a hostile work

26  environment.  MONTES was forced to endure offensive language and pictures, and unwelcome

27

28  *EEOC v. Coastal Valley*
C01-21105 RMW
COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL       7

1    touching and assaults.  MONTES was also forced to endure intimidating and unwelcome

2    romantic and/or sexual overtures, including receiving notes from GALLEGOS in which he

3    professed his love for her, and she received threats designed to elicit compliance with such

4    overtures.

5        29.    The sexual harassment by GALLEGOS was repeated and was designed to

6    compel MONTES to submit to his sexual advances, thereby rendering MONTES s submission to

7    his sexual advances a term or condition of her employment.

8        30.    When MONTES rejected the sexual advances of GALLEGOS, she was subjected

9    to retaliation in the form of further unwanted sexual advances, as well as other forms of assault,

10   threats of job termination, and derogatory comments of a sexual nature about herself, as well as

11   threats against her family.

12       31.    The sexual harassment by GALLEGOS of MONTES substantially affected

13   MONTES s employment.  Defendants, their agents, servants and/or employees, through their

14   sexual harassment and their failure to eradicate it, intended to, and did, cause MONTES severe

15   psychological and emotional damage.  Through their acts and omissions, some of which

16   constituted sexual harassment, abuse, discrimination, and retaliation toward Plaintiffs, Defendants,

17   their agents, servants and/or employees, have caused MONTES to suffer extreme anxiety, severe

18   depression and other emotional distress.  Defendants  conduct has adversely affected MONTES s

19   ability to work, and her sense of well-being.  Defendants  abuse of MONTES, and Defendants

20   failure to stop such abuse, rendered her work environment so intolerable that any reasonable

21   person would find such treatment offensive.

22       32.    Following the commencement by GALLEGOS of the numerous acts of sexual

23   harassment, MONTES made numerous complaints to Defendants.

24       33.    Despite the complaints made by MONTES to the Defendants, COASTAL

25   VALLEY effectively failed and refused to terminate the course of repetitively offensive conduct

26   of GALLEGOS which constituted sexual harassment of  MONTES.  Despite GALLEGOS

27

28   *EEOC v. Coastal Valley*
     C01-21105 RMW
     COMPLAINT FOR DAMAGES AND
     DEMAND FOR JURY TRIAL                    8

1   terminating his own employment, Defendants otherwise took no action to address, correct, or

2   prevent these adverse working conditions of sexual harassment, retaliation, and discrimination,

3   thereby condoning such illegal acts and transforming the acceptance of GALLEGOS  sexual

4   advances into a condition of MONTES s continued employment.

5        34.     The repetitively offensive conduct of GALLEGOS, constituting sexual

6   harassment, abuse, discrimination, and retaliation was further actively fostered, participated in,

7   ratified and/or condoned by COASTAL VALLEY, in that GALLEGOS sexually harassed other

8   female employees of COASTAL VALLEY and did compel their submission to sexual intimacies

9   and activities.  Such other acts of sexual harassment by GALLEGOS were in fact known to

10  COASTAL VALLEY, its agents, servants and/or employees.  COASTAL VALLEY, as

11  employer, effectively failed and refused to terminate GALLEGOS, thereby rendering it a policy of

12  COASTAL VALLEY that its female employees submit to sexual harassment as a condition of

13  their employment.

14       35.     Defendants, their agents, servants and/or employees committed the acts against

15  MONTES alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention

16  of injuring MONTES and in conscious disregard of, and with reckless indifference to, her rights.

17

18              **Factual Allegations Pertaining to Edelfa Madrigal**

19       36.     EDELFA MADRIGAL (hereinafter  MADRIGAL ) worked for COASTAL

20  VALLEY from 1992 through February 17, 1999.  MADRIGAL was employed by COASTAL

21  VALLEY, in various capacities including that of Crop Harvester.

22       37.      In February 1999 MADRIGAL was terminated for alleged  lack of respect

23  towards her supervisor.

24       38.     In or before 1992, Defendant, its agents, servants and/or employees hired

25  Defendant LUPE VELASCO (hereafter  VELASCO ), who held a position of authority over

26  MADRIGAL.

27

28  *EEOC v. Coastal Valley*
    C01-21105 RMW
    COMPLAINT FOR DAMAGES AND
    DEMAND FOR JURY TRIAL                    9

39.     Following the assignment of VELASCO to a position of authority over MADRIGAL, he commenced an immediate and continual course of repetitively offensive conduct, wherein he sexually harassed MADRIGAL.  While MADRIGAL worked for the Defendants, she was subject to sexual harassment which was severe and pervasive enough to alter her working conditions and create a hostile work environment.  MADRIGAL was forced to endure offensive language and intimidating and unwelcome romantic and/or sexual comments, including  GALLEGOS s insinuations to MADRIGAL that she and/or her husband could advance at COASTAL VALLEY if she complied with his sexual desires and VELASCO s repeated statements to MADRIGAL about his sexual encounters with other women.

40.     The sexual harassment by VELASCO was repeated and was designed to compel MADRIGAL to submit to his sexual advances, thereby rendering MADRIGAL s submission to his sexual advances a term or condition of her employment.

41.     When MADRIGAL rejected the sexual advances of VELASCO, she was subjected to retaliation in the form of further unwanted sexual advances, as well as being disciplined, including being discharged.

42.     The sexual harassment by VELASCO of MADRIGAL substantially affected her employment.  Defendants, their agents, servants and/or employees, through their sexual harassment and their failure to eradicate it, intended to, and did, cause MADRIGAL severe psychological, and emotional damage.  Through their acts and omissions, some of which constituted sexual harassment, abuse, discrimination, and retaliation toward Plaintiffs, Defendants, their agents, servants and/or employees, have caused MADRIGAL to suffer extreme anxiety, severe depression and emotional distress.  Through their acts and omissions, Defendants, their agents, servants and/or employees, have adversely affected MADRIGAL s ability to work, and her sense of well-being.  The abuse of MADRIGAL by Defendants, their agents, servants and/or employees, and Defendants  failure to stop such abuse, rendered her work environment so intolerable that any reasonable person would find such treatment offensive, and would refuse to

*EEOC v. Coastal Valley*
C01-21105 RMW
COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL                              10

1   continue to work under such conditions.  Defendants, their agents, servants and/or employees,

2   had actual knowledge of these intolerable conditions and intended to constructively discharge

3   MADRIGAL.

4         43.    Following the commencement by VELASCO of the numerous acts of sexual

5   harassment, MADRIGAL made numerous complaints to Defendants, their agents, servants and/or

6   employees, including but not limited to GALLEGOS, because he was the Human Resources

7   Manager.  However, Defendant RON GALLEGOS failed to address, correct, or prevent such

8   sexual harassment, and GALLEGOS in fact threatened MADRIGAL to discourage her from

9   putting her complaints in writing.

10         44.    Despite the complaints made by MADRIGAL to the Defendants about

11   harassment by VELASCO,  COASTAL VALLEY effectively failed and refused to terminate the

12   course of action by VELASCO and GALLEGOS which included GALLEGOS s disciplining and

13   terminating MADRIGAL for her complaining about sexual harassment.  COASTAL VALLEY

14   effectively failed and refused to terminate the course of harassment by VELASCO and the

15   inaction by GALLEGOS which constituted ratification of sexual harassment of MADRIGAL.

16   Despite GALLEGOS terminating his own employment, Defendants otherwise took no action to

17   address, correct, or prevent these adverse working conditions of sexual harassment, retaliation,

18   and discrimination, thereby condoning such illegal acts and transforming the acceptance of

19   VELASCO s sexual advances into a condition of Plaintiff s continued employment.

20         45.    COASTAL VALLEY effectively failed and refused to terminate the course of

21   conduct of VELASCO which constituted sexual harassment of MADRIGAL, despite her

22   complaints to the Defendants.

23         46.    The repetitively offensive conduct of VELASCO, constituting sexual harassment,

24   abuse, discrimination, and retaliation was further actively fostered, participated in, ratified and/or

25   condoned by COASTAL VALLEY.  GALLEGOS knew of sexual harassment of other female

26   employees of COASTAL VALLEY.  Therefore, such harassment was in fact known to

27

28

*EEOC v. Coastal Valley*
C01-21105 RMW
COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL        11

1   COASTAL VALLEY, its agents, servants and/or employees.  However, COASTAL VALLEY,

2   as employer, and its agents, servants and/or employees effectively failed and refused to terminate

3   VELASCO, thereby rendering it a policy of COASTAL VALLEY that its female employees

4   submit to sexual harassment as a condition of their employment.

5       47.    Defendants, their agents, servants and/or employees committed the acts against

6   MADRIGAL alleged herein maliciously, fraudulently, and oppressively, with the wrongful

7   intention of injuring MADRIGAL and in conscious disregard of, and with reckless indifference to,

8   her rights.

9               **Factual Allegations Pertaining to MICAELA GARCIA**

10      48.    MICAELA GARCIA (hereinafter GARCIA ) has worked for COASTAL

11  VALLEY for over 20 years.  She first became employed in 1980 and continues to be employed by

12  COASTAL VALLEY.  GARCIA has held various positions including her current position of

13  Irrigation Worker.

14      49.    In or before 1996, GARCIA was assigned by Defendants to work under the

15  supervision of EDUBIGEN RESENDEZ (hereafter RESENDEZ ).

16      50.    Following the assignment of RESENDEZ as a supervisor of GARCIA, he

17  commenced an immediate and continual course of repetitively offensive conduct, wherein he

18  sexually harassed GARCIA.  While GARCIA worked for the Defendants, she was subject to

19  sexual harassment which was severe and pervasive enough to alter her working conditions and

20  create a hostile work environment.  GARCIA was subjected to assaults and encounters, including

21  RESENDEZ trying to run her over with his truck, and following her around town.  GARCIA was

22  also repeatedly forced to endure offensive language, intimidating and unwelcome romantic and/or

23  sexual overtures, and threats designed to elicit compliance with such overtures.

24      51.    The sexual harassment by RESENDEZ was repeated and was designed to compel

25  GARCIA to submit to his sexual advances, thereby rendering GARCIA s submission to his sexual

26  advances a term or condition of her employment.

27

28

1    52.    GARCIA was told by RESENDEZ that she should not tell anyone about his

2    feelings for her because he was a supervisor, and that she would be fired if she told anyone about

3    his feelings for her.

4    53.    When GARCIA rejected the sexual advances of RESENDEZ, she was subjected

5    to retaliation in the form of further unwanted sexual advances, as well as other forms of assault,

6    stalking, and derogatory comments of a sexual nature about herself.

7    54.    The sexual harassment by RESENDEZ of GARCIA substantially affected

8    GARCIA s employment.  Defendants, their agents, servants and/or employees, through their

9    sexual harassment and their failure to eradicate it, intended to, and did, cause GARCIA severe

10   psychological, and emotional damage.  Through their acts and omissions, some of which

11   constituted sexual harassment, abuse, discrimination, and retaliation toward Plaintiffs, Defendants,

12   their agents, servants and/or employees, have caused GARCIA to suffer extreme anxiety, severe

13   depression and other emotional distress.  Defendants  conduct has adversely affected GARCIA s

14   ability to work, and her sense of well-being.  Defendants  abuse of GARCIA, and Defendants

15   failure to stop such abuse, rendered her work environment so intolerable that any reasonable

16   person would find such mistreatment offensive.

17   55.    Following the commencement by RESENDEZ of the numerous acts of sexual

18   harassment, GARCIA made numerous complaints to Defendants, their agents, servants and/or

19   employees, including to GALLEGOS.

20   56.    Despite the complaints made by GARCIA to the Defendants, their agents,

21   servants and/or employees, COASTAL VALLEY failed and refused to terminate the course of

22   repetitively offensive conduct of RESENDEZ which constituted sexual harassment of GARCIA.

23   Defendants, their agents, servants and/or employees otherwise took no action to address, correct,

24   or prevent these adverse working conditions of sexual harassment, retaliation, and discrimination,

25   thereby condoning such illegal acts and transforming the acceptance of RESENDEZ s sexual

26   advances into a condition of Plaintiff s continued employment.

27

28   *EEOC v. Coastal Valley*
     C01-21105 RMW
     COMPLAINT FOR DAMAGES AND
     DEMAND FOR JURY TRIAL               13

57. Defendants, their agents, servants and/or employees committed the acts against GARCIA alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring GARCIA and in conscious disregard of, and with reckless indifference to, her rights.

### FIRST CLAIM FOR RELIEF
### (UNLAWFUL EMPLOYMENT DISCRIMINATION BASED ON SEX)
### (TITLE VII, 42 U.S.C. § 2000e)

58. Plaintiffs hereby incorporate by reference paragraphs 1 through 57 of this complaint as if fully set forth herein.

59. At all times relevant hereto, Plaintiffs were employees, employed by Defendants.

60. Defendants unlawfully discriminated against plaintiffs MONTES, VASQUEZ, GARCIA, and MADRIGAL based on their sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-16.

61. Defendants treated plaintiffs MONTES, VASQUEZ, GARCIA, and MADRIGAL less favorably than similarly situated male employees, subjecting them to discrimination in pay and raises and in other terms and conditions of their employment in violation of Title VII.

62. As a direct and proximate result of the aforesaid discrimination based on plaintiffs sex, plaintiffs MONTES, VASQUEZ, GARCIA, and MADRIGAL have sustained a loss of earnings and other benefits. They have also suffered severe emotional distress manifested by feelings of humiliation, embarrassment, anxiety, nervousness and other symptoms of stress.

63. Defendants acts of discrimination against plaintiff on the basis of sex were wanton, willful and intentional with malicious and reckless disregard of the rights and sensibilities of the plaintiffs.

WHEREFORE, plaintiffs MONTES, VASQUEZ, GARCIA, and MADRIGAL request relief as hereinafter provided.

### SECOND CLAM FOR RELIEF
### (SEXUAL HARASSMENT)
### (TITLE VII, 42 U.S.C. § 2000e-2(a)(1))

64.     Plaintiffs hereby incorporate by reference paragraphs 1 through 63 of this complaint as if fully set forth herein.

65.     Defendants violated plaintiffs rights under Title VII by subjecting plaintiffs to unwelcome sexual comments and acts and permitting and encouraging a work environment in which plaintiffs MONTES, VASQUEZ, GARCIA, and MADRIGAL were subjected to ridicule, harassment, discrimination and intimidation because of their sex.

66.     In addition, defendants subjected plaintiffs to quid pro quo sexual harassment by threatening plaintiffs jobs and or promising advancement in exchange for sexual favors.

67.     Defendant COASTAL VALLEY participated in creating and maintaining a hostile work environment and failed to investigate, stop or prevent the incidents of sexual harassment even after plaintiffs MONTES, VASQUEZ, GARCIA, and MADRIGAL gave notice of such incidents. The sexual harassment was severe and pervasive such that it altered the terms and conditions of plaintiffs employment.

68.     As a direct and proximate result of the aforesaid harassment based on sex, Plaintiffs MONTES, VASQUEZ, GARCIA, and MADRIGAL have sustained injury in the form of severe emotional distress, humiliation, embarrassment, and mental anguish, all to their damage in amounts to be established at trial.

69.     As described above, defendants aforesaid acts of harassment were wanton, willful and intentional with malicious and reckless disregard for the rights and sensibilities of plaintiffs MONTES, VASQUEZ, GARCIA, and MADRIGAL.

WHEREFORE, plaintiffs MONTES, VASQUEZ, GARCIA, and MADRIGAL request relief as hereinafter provided.

### THIRD CLAIM FOR RELIEF
### UNLAWFUL RETALIATION
### (42 U.S.C. § 2000e-3(a))

70.     Plaintiffs hereby incorporate by reference paragraphs 1 through 69 of this

*EEOC v. Coastal Valley*
C01-21105 RMW
COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL                    15

1    complaint as if fully set forth herein.

2        71.    In perpetrating the above described actions and omissions, Defendant COASTAL

3    VALLEY, as employer, and the other Defendants, their agents, servants and/or employees,

4    engaged in unlawful retaliation in violation of Title VII.

5        72.    Plaintiffs each engaged in protected activity when they complained to their direct

6    supervisors, including GALLEGOS and others, about sexual harassment, retaliation and

7    discrimination.

8        73.    Defendants, their agents, servants and/or employees retaliated against Plaintiffs on

9    the basis of Plaintiffs complaints by taking adverse actions against them, including by creating a

10   hostile work environment, by breaching confidentiality, by discharging Plaintiffs from

11   employment, by imposing different terms, conditions, or privileges of employment on Plaintiffs,

12   and by other retaliatory treatment and actions.

13       74.    As a direct and proximate result of the aforesaid retaliation, Plaintiffs MONTES,

14   VASQUEZ, GARCIA, and MADRIGAL have sustained injury in the form of severe emotional

15   distress, humiliation, embarrassment, and mental anguish, all to the damage in amount to be

16   established at trial.

17       75.    As described above, defendants  aforesaid acts of harassment were wanton,

18   willful and intentional with malicious and reckless disregard for the rights and sensibilities of

19   plaintiffs MONTES, VASQUEZ, GARCIA, and MADRIGAL.

20       WHEREFORE, plaintiffs MONTES, VASQUEZ, GARCIA, and MADRIGAL request

21   relief as hereinafter provided.

22                    **FOURTH CLAIM FOR RELIEF**
     **(UNLAWFUL EMPLOYMENT DISCRIMINATION BASED ON SEX)**
23            **(CALIFORNIA GOVERNMENT CODE § 12940(a))**

24       76.    Plaintiffs hereby incorporate by reference paragraphs 1 through 75 of this

25   complaint as if fully set forth herein.

26       77.    At all times material hereto, defendants owed plaintiffs MONTES, VASQUEZ,

27

28   *EEOC v. Coastal Valley*
     C01-21105 RMW
     COMPLAINT FOR DAMAGES AND
     DEMAND FOR JURY TRIAL                    16

1    GARCIA, and MADRIGAL the duty not to discriminate against them in the terms and conditions

2    of their employment on the basis of their gender as mandated by the Fair Employment and

3    Housing Act provided in California Government Code section 12940(a).

4         78.    In violation of the aforesaid duty, defendants treated plaintiffs MONTES,

5    VASQUEZ, GARCIA, and MADRIGAL adversely and differently from their male counterparts.

6         79.    The decision to treat plaintiffs MONTES, VASQUEZ, GARCIA, and

7    MADRIGAL in the foregoing adverse and disparate manner was based upon Plaintiffs sex and

8    was wanton, willful and intentional with malicious and reckless disregard of the rights and

9    sensibilities of the plaintiffs.

10        80.    As a direct and proximate result of the aforesaid discrimination based on sex,

11   plaintiffs MONTES, VASQUEZ, GARCIA, and MADRIGAL have sustained a loss of earnings

12   and fringe benefits.  They have also suffered emotional distress manifested by feelings of

13   humiliation, embarrassment, anxiety, nervousness and other symptoms of stress.

14        81.    In doing the acts herein alleged, defendants acted maliciously, and oppressively,

15   with the wrongful intent of injuring plaintiffs MONTES, VASQUEZ, GARCIA, and

16   MADRIGAL, and acted with an improper and evil motive amounting to malice, in conscious

17   disregard of plaintiffs rights.  Because the acts taken towards them were carried out by

18   defendants acting in a despicable, deliberate, and intentional manner in order to injure and damage

19   them, plaintiffs are entitled to recover punitive damages in an amount according to proof.

20        WHEREFORE, plaintiffs MONTES, VASQUEZ, GARCIA, and MADRIGAL request

21   relief as hereinafter provided.

22                      **FIFTH CLAIM FOR RELIEF**
                   **RETALIATION FOR OPPOSING DISCRIMINATION**
23                 **AND HARASSMENT (CAL. GOV. CODE §12940(h))**

24        82.    Plaintiffs hereby incorporate by reference paragraphs 1 through 81 of this

25   complaint as if fully set forth herein.

26        83.    In perpetrating the above described actions and omissions, Defendant COASTAL

27

28   *EEOC v. Coastal Valley*
     C01-21105 RMW
     COMPLAINT FOR DAMAGES AND
     DEMAND FOR JURY TRIAL                    17

1  VALLEY MANAGEMENT, as employer, and the other Defendants, their agents, servants and/or

2  employees, engaged in unlawful retaliation in violation of the California Fair Employment and

3  Housing Act ( FEHA ), Cal. Gov. Code § 12940(h).

4       84.    Plaintiffs each engaged in protected activity by complaining to a supervisor,

5  including GALLEGOS and others,  regarding sexual harassment, retaliation, and/or

6  discrimination.

7       85.    Defendants, their agents, servants and/or employees retaliated against Plaintiffs on

8  the basis of their protected activity and took adverse actions against them including creating a

9  hostile work environment, by breaching confidentiality, by discharging Plaintiffs from

10  employment, by imposing different terms, conditions, or privileges of employment on Plaintiffs,

11  and by other retaliatory treatment and actions.

12       86.    Defendant COASTAL VALLEY participated in creating and maintaining the

13  hostile work environment and failed to investigate, stop or prevent the incidents of sexual

14  harassment even after Plaintiffs gave notice of such incidents.

15       87.    As a direct and proximate result of the aforesaid retaliation plaintiffs MONTES,

16  VASQUEZ, GARCIA, and MADRIGAL have sustained injury in the form of severe emotional

17  distress, humiliation, embarrassment, and mental anguish, all to their damage in amounts to be

18  established at trial.

19       88.    Defendants  aforesaid acts of retaliation were wanton, willful and intentional with

20  malicious and reckless disregard for the rights and sensibilities of Plaintiffs.

21       WHEREFORE, plaintiffs MONTES, VASQUEZ, GARCIA, and MADRIGAL request

22  relief as hereinafter provided.

23  **SIXTH CLAIM FOR RELIEF**<br>**AIDING AND ABETTING SEXUAL HARASSMENT**

24  **SEX DISCRIMINATION, AND RETALIATION**<br>**(CAL. GOV. CODE § 12940(i))**

25

26       89.    Plaintiffs hereby incorporate by reference paragraphs 1 through 88 of this

27

28  *EEOC v. Coastal Valley*
C01-21105 RMW
COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL     18

1   complaint as if fully set forth herein.

2       90.    In perpetrating the above described actions and omissions, Defendant COASTAL

3   VALLEY, as employer, and the other Defendants, their agents, servants and/or employees,

4   engaged in a pattern and practice of unlawful aiding and abetting of harassment, discrimination,

5   and retaliation, in violation of the California Fair Employment and Housing Act ( FEHA ), Cal.

6   Gov. Code § 12940(i).

7       91.    Each of the Defendants, their agents, servants and/or employees, attempted to and

8   did in fact, aid, abet, incite, compel and/or coerce each of the other Defendants, their agents,

9   servants and/or employees to engage in unlawful sexual harassment, sex and/or gender

10   discrimination, and retaliation against the Plaintiffs, as alleged above.

11       92.    As a direct and proximate result of the aforesaid harassment based on sex,

12   plaintiffs MONTES, VASQUEZ, GARCIA, and MADRIGAL have sustained injury in the form

13   of severe emotional distress, humiliation, embarrassment, and mental anguish, all to their damage

14   in amounts to be established at trial.

15       93.    Defendants  aforesaid acts were wanton, willful and intentional with malicious

16   and reckless disregard for the rights and sensibilities of Plaintiffs.

17       WHEREFORE, plaintiffs MONTES, VASQUEZ, GARCIA, and MADRIGAL request

18   relief as hereinafter provided.

19                   **SEVENTH CLAIM FOR RELIEF**
           **(HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT)**
20              **(CALIFORNIA GOVERNMENT CODE § 12940(j))**

21       94.    Plaintiffs hereby incorporate by reference paragraphs 1 through 93 of this

22   complaint as if fully set forth herein.

23       95.    Defendants subjected plaintiffs to unwelcome sexual advances, comments, and

24   degrading and humiliating conduct as described above.  Defendants  aforesaid unwelcome sexual

25   comments and acts were so severe or pervasive that they created a continuing hostile work

26   environment.

27

28   *EEOC v. Coastal Valley*
C01-21105 RMW
COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL          19

96.     Defendant COASTAL VALLEY failed to prevent sexual harassment by failing to investigate, stop or prevent the incidents of sexual harassment even after Plaintiffs gave notice of such incidents.

97.     As a direct and proximate result of the aforesaid harassment based on sex, plaintiffs MONTES, VASQUEZ, GARCIA, and MADRIGAL have sustained injury in the form of severe emotional distress, humiliation, embarrassment, and mental anguish, all to their damage in amounts to be established at trial.

WHEREFORE, plaintiffs MONTES, VASQUEZ, GARCIA, and MADRIGAL request relief as hereinafter provided.

## EIGHTH CLAIM FOR RELIEF
## FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT
## (CAL. GOV. CODE § 12940(k))

98.     Plaintiffs hereby incorporate by reference paragraphs 1 through 97 of this complaint as if fully set forth herein.

99.     In perpetrating the above described actions and omissions, Defendant COASTAL VALLEY, as employer, and the other Defendants, their agents, servants and/or employees, engaged in a pattern and practice of failing to prevent discrimination and harassment, in violation of the California Fair Employment and Housing Act ( FEHA ), Cal. Gov. Code § 12940(k).

100.    In violation of Cal. Gov. Code § 12940(i), Defendants, their agents, servants and/or employees, failed to take all reasonable steps necessary to prevent sex and/or gender discrimination and sexual harassment from occurring, including, among other things, failure to implement an effective policy against sexual harassment and/or an effective means of remedying such harassment.

101.    Defendants, their agents, servants and/or employees, knew or should have known of Defendants  failure to take all reasonable steps necessary to prevent sex and/or gender discrimination and sexual harassment from occurring.  Defendants, their agents, servants and/or employees did not take all reasonable steps to prevent retaliation from occurring, and failed to

take immediate and appropriate corrective action.

102.    Defendant COASTAL VALLEY participated in creating and maintaining the hostile work environment and failed to investigate, stop or prevent the incidents of sexual harassment even after Plaintiffs gave notice of such incidents.

103.    As a direct and proximate result of the aforesaid harassment based on sex, plaintiffs MONTES, VASQUEZ, GARCIA, and MADRIGAL have sustained injury in the form of severe emotional distress, humiliation, embarrassment, and mental anguish, all to their damage in amounts to be established at trial.

104.    Defendants aforesaid acts of harassment were wanton, willful and intentional with malicious and reckless disregard for the rights and sensibilities of Plaintiffs.

WHEREFORE, plaintiffs MONTES, VASQUEZ, GARCIA, and MADRIGAL request relief as hereinafter provided.

<strong>NINTH CLAIM FOR RELIEF</strong><br><strong>Unfair Business Practices - Cal. Bus. & Prof. Code § 17200</strong><br><strong>All Plaintiffs Against All Defendants</strong>

105.    Plaintiffs hereby re-allege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 104, inclusive, in this Complaint, as if set forth fully herein.

106.    Pursuant to §§17200 et seq. of California's Business and Professions Code, Plaintiffs bring this cause of action acting for their own interests and acting for the interests of the members of the general public previously, currently and hereafter employed by Defendants, their agents, servants and/or employees.

107.    Defendants, their agents, servants and/or employees were, and are, required under state and federal law to prevent, and not to engage in, and not to aid, abet or encourage, sexual harassment and discrimination in the workplace, and not to retaliate against employees for exercising their statutory rights and privileges to be free of such harassment in the workplace.

108.    Each of the Defendants, their agents, servants and/or employees did, and on

1   information and belief, does commit unlawful business practices in violation of Cal. Bus. & Prof.

2   Code §17200 et seq, by:

3           a.      unlawfully sexually harassing their employees, including Plaintiffs, in
                    violation of 42 U.S.C. § 2000e, Cal. Gov. Code § 12940(j), and Cal. Civ.
4                   Code § 51.9;

5           b.      unlawfully discriminating against their employees, including Plaintiffs, on
                    the basis of their sex and/or gender, in violation of 42 U.S.C. § 2000e and
6                   Cal. Gov. Code § 12940(a);

7           c.      unlawfully retaliating against their employees, including Plaintiffs, for
                    opposing retaliation and discrimination, in violation of 42 U.S.C. § 2000e
8                   and Cal. Gov. Code § 12940(h);

9           d.      unlawfully aiding and abetting sexual harassment, sex and/or gender
                    discrimination and retaliation, in violation of Cal. Gov. Code § 12940(i);
10
            e.      failing to prevent discrimination and harassment in violation of Cal. Gov.
11                  Code § 12940(k);

12          109.    Each Defendant, by the acts and omissions alleged herein, did, and does,

13  unlawfully and unfairly compete with other California agricultural employers, both growers and

14  farm labor contractors, who attempt in good faith to comply with applicable federal and state

15  laws.

16          110.    As a result of Defendants' unlawful business practices, each Defendant did and

17  does receive ill-gotten gains from Plaintiffs, including retention of wages which Plaintiff EDELFA

18  MADRIGAL would have been paid, had she not been discharged, and, on information and belief,

19  other similarly-employed members of the general public.  Plaintiffs and other similarly-employed

20  members of the general public are entitled to restitution of these amounts, as well as damages for

21  exposure to the unlawful conduct of Defendants, their agents, servants and/or employees.

22          111.    The unlawful business acts described herein present a continuing threat to the

23  general public which cannot be adequately remedied at law.  Plaintiffs are informed and believe,

24  and thereon allege, that each Defendant will continue these acts unless enjoined by this Court as

25  provided under Cal. Bus. & Prof. Code § 17203.

26

27
    *EEOC v. Coastal Valley*
28  C01-21105 RMW
    COMPLAINT FOR DAMAGES AND
    DEMAND FOR JURY TRIAL                         22

1 **WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:**

2   1. For compensatory damages according to proof, including but not limited to lost

3 wages, damages for emotional distress, including but not limited to humiliation, grief, and

4 anguish;

5   2. For punitive damages;

6   3. For injunctive relief to enjoin Defendants from engaging in unlawful activity

7 alleged herein;

8   4. For declaratory relief, including but not limited to reinstatement of MADRIGAL s

9 job with full benefits and seniority,

10   5. For reasonable attorneys  fees, for the firm of Minami, Lew & Tamaki only;

11   6. For costs of suit;

12   7. For such other relief as the Court deems proper.

13

14        **DEMAND FOR JURY TRIAL**

15   Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of

16 Civil Procedure.

17 DATED:       CALIFORNIA RURAL LEGAL ASSISTANCE, INC.

18

19       By: _____

20         MICHAEL MEUTER
          Attorneys for Plaintiffs

21

22

23 DATED:       MINAMI, LEW & TAMAKI LLP

24

25       By: _____

26         LISA DUARTE
          Attorneys for Plaintiffs

27

28 *EEOC v. Coastal Valley*
 C01-21105 RMW
 COMPLAINT FOR DAMAGES AND
 DEMAND FOR JURY TRIAL    23

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28